IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-7-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TERRANCE GOODMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On March 18, 2013, Terrance Goodman ("Goodman") pleaded guilty, without a plea agreement, to conspiracy to possess with intent to distribute and distribute a quantity of heroin (count one), and four counts of distribution of a quantity of heroin and aiding and abetting (counts two through five). See [D.E. 1, 20, 40]. On June 21, 2013, the court held Goodman's sentencing hearing. See [D.E. 28, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Goodman's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment. See Resentencing Report. The court then upwardly departed under U.S.S.G. § 4A1.3 to a total offense level of 24 and a criminal history category of VI, yielding an advisory guideline range of 100 to 125 months' imprisonment. See Statement of Reasons [D.E. 24]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Goodman to 125 months' imprisonment. See Resentencing Report; [D.E. 28, 41]. Goodman appealed. On April 11, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Goodman, 566 F. App'x 212, 213–15 (4th Cir. 2014) (per curiam) (unpublished).

On November 18, 2015, Goodman moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 49]. Goodman's new advisory guideline range is 46 to 57 months' imprisonment, based on a total offense level of 19 and a criminal history category of IV. See Resentencing Report. Goodman requests a 105-month sentence. See id.; [D.E. 57] 1, 7. On December 4, 2015, the government responded in opposition. See [D.E. 50].

The court has discretion to reduce Goodman's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Goodman's sentence, the court finds that Goodman engaged in serious criminal behavior. See PSR [D.E. 22] ¶¶ 5–9. Moreover, Goodman is a violent recidivist and has convictions for possession of a handgun by a minor, possession of stolen goods or property, assault with a deadly weapon, and assault with a deadly weapon inflicting serious injury. See id. ¶¶ 13–17. Goodman also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 13, 15–18, 35–36. Goodman has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possessing a tattoo needle, for being in an unauthorized area, and for possession an unauthorized item. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Goodman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

2

§ 3553(a). Further reducing Goodman's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Goodman's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Goodman's motions for reduction of sentence [D.E. 49].

SO ORDERED. This _8_ day of May 2018.

JAMES C. DEVER III
Chief United States District Judge