IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-7-D
No. 7:16-CV-420-D

| | |
|---|---|
| TERRANCE GOODMAN, | ) |
| Petitioner, | ) ) ) |
| v. | )    **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

On December 27, 2016, Terrance Goodman ("Goodman") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 125-month sentence [D.E. 51]. On March 3, 2017, the government moved to dismiss Goodman's motion [D.E. 56] and filed a supporting memorandum [D.E. 57]. Goodman did not respond. As explained below, the court grants the government's motion to dismiss.

On March 18, 2013, Goodman pleaded guilty to conspiracy to possess with intent to distribute and distributing a quantity heroin (count one) and distribution of a quantity of heroin and aiding and abetting (counts two, three, four, and five). See [D.E. 20, 40]; Presentence Investigation Report ("PSR") [D.E. 22] ¶¶ 5–9.

On June 21, 2013, the court held Goodman's sentencing hearing. See [D.E. 26, 41]. At the hearing, the court calculated Goodman's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment. See Sent Tr. [D.E. 41] 6–68. The court then upwardly departed under U.S.S.G. § 4A1.3 to a total offense level of 24 and a criminal history category of VI, yielding an advisory guideline range of 100 to 125 months'

imprisonment. See id. at 69–72. After thoroughly considering all relevant factors under 18 U.S.S.G. § 3553(a), the court sentenced Goodman to 125 months' imprisonment on each count to run concurrently. See id. at 73–79.

Goodman appealed. On April 11, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Goodman, 566 F. App'x 212, 213–15 (4th Cir. 2014) (per curiam) (unpublished).

In Goodman's section 2255 motion, Goodman alleges that the court incorrectly calculated his base offense level due to Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 52] 10–13. The government disagrees and has moved to dismiss Goodman's motion for failure to state a claim upon which relief can be granted. See [D.E. 56, 57].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Goodman's claim fails. First, Goodman's section 2255 motion is untimely. See 28 U.S.C. § 2255(f); Johnson v. United States, 544 U.S. 295, 199–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). Goodman's judgment became final on July 11, 2014, and Goodman's period within which to file a section 2255 motion ended on July 11, 2015. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 532 (2003). Goodman, however, did not file his section 2255 motion until December 27, 2016. See [D.E. 51]. Accordingly, Goodman's section 2255 motion is untimely. See Renteria-Chavez v. United States, Nos. 4:14-CR-69-D, 4:17-CV-58-D, 2018 WL 2993535, at *2 (E.D.N.C. June 14, 2018) (unpublished).

Alternatively, a petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, Goodman's claim fails.

Finally, Johnson had nothing to do with Goodman's advisory guideline range. See PSR ¶¶ 41–52; Sentencing Tr. at 6–79. Thus, the claim fails.

After reviewing the claim presented in Goodman's motion, the court finds that reasonable jurists would not find the court's treatment of Goodman's claim debatable or wrong, and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38

3

(2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 56], DISMISSES Goodman's section 2255 motion [D.E. 51], and DENIES a certificate of appealability.

SO ORDERED. This 10 day of June 2018.

J. Dever

JAMES C. DEVER III
Chief United States District Judge